UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN KEITH SIMMONS                                                                     PETITIONER

VERSUS                                                        CIVIL ACTION NO. 1:15CV19-KS-RHW

BOBBY C. FAIRLEY                                                                        RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Brian Keith Simmons filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the revocation of his probation. On October 14, 2009, Simmons pleaded guilty to aggravated assault in the Circuit Court of Jackson County, Mississippi. Doc. [1-1] at 9. He received a 15-year prison term with three years to serve and three years on post-release supervision. *Id.* On August 7, 2013, the Circuit Court revoked Simmons' probation and ordered him to serve the remainder of his original 15-year sentence. *Id.* Simmons filed the instant § 2254 petition on January 20, 2015. Doc. [1]. Respondent filed a motion to dismiss asserting that Simmons' petition is untimely pursuant to 28 U.S.C. § 2244(d), the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year-limitation period, because he failed to file his § 2254 petition within one year of his conviction and sentence becoming final. Doc. [16]. Simmons has not filed a response in opposition to the motion to dismiss.

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

>    review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Simmons probation was revoked on August 7, 2013. Under Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *See Beasley v. State of Mississippi*, 795 So.2d 539, 540 (Miss. 2001). Therefore to be timely under the AEDPA's one-year limitation period, Simmons' needed to file a § 2254 petition by August 7, 2014. Simmons did not file the instant petition until January 20, 2015, with a signature date of January 9, 2015. In other words, Simmons filed the § 2254 petition approximately five months beyond the AEDPA's deadline.

      The undersigned finds that Simmons is not entitled to statutory tolling under the provisions of § 2244(d)(2) because he did not submit a "properly filed" application for post-conviction relief in state court during the one-year limitation period. Simmons did file a motion for reconsideration of his sentence in the Jackson County Circuit Court, with a signature date of December 20, 2013. Doc. [1-1] at 1-4. The circuit court denied the motion on January 21, 2014, finding that it was without jurisdiction to entertain Simmons' motion because it was filed after

the term of court had ended. Doc. [16-2]; *Ducote v. State of Mississippi*, 970 So.2d 1309, 1313 (Miss. Ct. App. 2007). Even if the Court were to give Simmons the benefit of the doubt and allow tolling during the 32-day pendency of his motion for reconsideration, his § 2254 petition would still be untimely by three to four months. Simmons has offered no argument as to why his petition should be deemed timely. In his original petition he merely asserts that his sentence was illegal and suggests that this is a violation of a fundamental right. Doc. [1] at 13.

In addition to statutory tolling, the Supreme Court also has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Equitable tolling is available only in "rare and exceptional circumstances". *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner bears the burden of proof concerning equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Simmons is not entitled to equitable tolling because he has not identified any rare and exceptional circumstances that would warrant equitable toling.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondents' [16] Motion to Dismiss be GRANTED and that Brian Keith Simmons' 28 U.S.C. § 2254 petition be dismissed as time barred by the AEDPA's one-year limitation period.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of November, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE